UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>DR. WALTER CAMPBELL, et al.,<br><br>                    Defendants. | Case No. 1:24-cv-00006-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

**INTRODUCTION**

The docket of the United States District Court for the District of Idaho shows that the judges are doing their best to screen, manage, liberally construe, and adjudicate cognizable claims raised in Kent Williams' many pro se prisoner complaints. For example, in Case 1:22-cv-00052-DCN, *Williams v. Leeflang* (Case 52), United States District Judge David C. Nye observed that Plaintiff had "filed a pro se prisoner Complaint (Dkt. 3), a First Amended Complaint (Dkt. 10), a Second Amended Complaint (Dkt. 35), a revised Second Amended Complaint (Dkt. 50), and a total of 33 Third Amended Complaints (Dkts. 85 to 88-5)," representing his fifth opportunity to plead his claims. Case 52, Dkt. 93 at 1. Judge Nye reviewed the nearly 600 pages of third amended

complaints and decided that judicial economy was best served by severing Case 52 into "several manageable chunks, based on the allegations of the same legal nature." *Id*. at 8.

This Court has taken the same course of action with Plaintiff's unwieldy pleadings in this action, including severance of claims. In this Order, the Court takes judicial notice of the federal and state court dockets, registers of actions, records, and opinions from other cases of Plaintiff, including cases referenced in his amended complaint. Dkt. 10. Fed. R. Evid. 201.

On October 24, 2019, Plaintiff had a case dismissed in the District of Idaho for refusal to comply with General Order 342, requiring prisoner complaints to be 20 page or less. *See Williams v. Stewart*, Case No. 1:18-cv-00343-DCN (Case 343). Dismissal as a sanction was affirmed on appeal. S*ee* Case 343, Dkt. 29 (Ninth Circuit opinion issued December 9, 2020).

On August 9, 2022 (liberal mailbox rule date), Plaintiff began this litigation by submitting for mailing a 73-page Complaint that violated General Order 342. *See* Dkt. 2 in this case; *see* Case No. 1:22-cv-00346-BLW, *Williams v. Atencio, et al.* (Case 346), Dkts. 3, 48.

Because in Case 346 Plaintiff had alleged claims that were beyond *and* within the statute of limitations, the Court required Plaintiff to file two separate amended complaints: one containing only pre-August 2020 claims, and the other containing only post-August 2020 claims. Case 346, Dkt. 14 at 5. When Plaintiff filed his two amended complaints, the Court notified Plaintiff it would address his post-August 2020 claims in

**SUCCESSIVE REVIEW ORDER - 2**

Case 346, and all pre-August 2020 claims in a new case, No. 1:23-cv-00111-BLW (Case 111). *See* Case 346, Dkt. 27 at 2. The Court later severed the pre-August 2020 claims in Case 111 into pre-August 2020 conditions of confinement and mail claims (adjudicated in Case 111), and pre-August 2020 access to courts and due process claims, adjudicated in new Case No. 1:23-cv-00585-BLW (Case 585). *See* Case 111, Dkt. 11 at 1-2.

After the Court reviewed Plaintiff's amended complaint in original Case 346, it required Plaintiff to file a second amended complaint. After a review of the second amended complaint in Case 346, the Court decided to adjudicate post-August 2020 Eighth and First Amendment free exercise claims in Case 346; post-August 2020 Fourth Amendment claims in new Case No. 24-000004-BLW; and post-August 2020 access to courts, due process, and mail claims in new Case No. 24-000006-BLW (this case). *See* Case 346, Dkt. 48.

Therefore, the narrow subject matter of this case is only post-July 2020[1] First and Fourteenth Amendment access to courts, due process, and mail claims he originally asserted in Case 346. Dkts. 2, 7. Having reviewed the Amended Complaint (Dkt. 10), the Court concludes that Plaintiff has included additional claims that cannot be adjudicated in this case, but that should have been adjudicated in his other cases or should be adjudicated in new cases grouped together for judicial efficiency. The Court will

---

[1] The Court moved the statute of limitations deadline to July 2020 to provide for a 30-day period to exhaust administrative remedies under *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (holding that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process).

adjudicate in this case only the access to courts claims arising from Plaintiff's confinement at ISCI that arose no earlier than July 9, 2020.

The Court agrees with Plaintiff that it was unclear in which case he was authorized to bring retaliation claims, but the Court disagrees that the claims should be brought here. In addition, claims arising from Plaintiff's confinement at the IMSI facility, as opposed to the ISCI facility, will not be adjudicated in this case.

The Clerk of Court will be ordered to sever the following claims into new actions:

> (1) mail, due process, and retaliation claims arising from Plaintiff's confinement at ISCI beginning no earlier than July 9, 2020;
>
> (2) mail and retaliation claims arising from Plaintiff's February 2021 confinement at IMSI; and
>
> (3) access to courts claims arising from Plaintiff's February 2021 confinement at IMSI.

Because Plaintiff asserts he did not have enough space in the 20-page amended complaint ordered in this action to properly state his claims, he will be required to file a second amended complaint of no more than 20 pages in each of the two new cases focused on his IMSI confinement, due 30 days after entry of this Order.

Further, the Court concludes that the following claims asserted in this case are unauthorized:

## 1. Eighth Amendment Claims

The Court permitted Plaintiff to pursue Eighth Amendment conditions of confinement claims only in Case 346. *See* Case 346, Dkt. 48 at 3. He has repeated and expanded on those claims in this case, including that prison staff entered his cell and beat

him on or about December 17, 2020. Dkt. 10 at 14. Plaintiff may use these allegations in the new severed case only as evidentiary facts to support his First Amendment retaliation claims, but not as Eighth Amendment claims. All Eighth Amendment claims were, or should have been, pursued in Case 346.

Another category of Eighth Amendment claims that does not belong in this case encompasses mental health claims against all Defendants between May 23, 2016, and June 2020 that were severed from Case 346 to be adjudicated in Case 23-cv-00584-BLW (Case 584). *See* Case 584, Dkt. 3 at 2.

The unauthorized claims will be dismissed without prejudice to the extent they must be or should have been brought in Plaintiff's other cases.

## 2. First Amendment Free Exercise Claims

The Court permitted Plaintiff to pursue First Amendment free exercise claims in Case 346. *See* Case 346, Dkt. 48 at 3. Plaintiff brought his current lack of a Bible claim in that case, and he was required to pursue it in that case. Therefore, all First Amendment Free Exercise claims in this case are subject to dismissal and will be considered only background information for his retaliation claims in the new severed case.

## REVIEW OF POST-JULY 2020 ACCESS TO COURTS CLAIMS

## 1. First and Fourteenth Amendment Access to Courts Backward-Looking Claims: Failure to Provide Supporting Fact

Claims for denial of access to the courts may arise from loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002). To state a backward-looking access to courts claim, a prisoner must allege facts

supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that could be brought. *Id*. at 415-17.

Plaintiff attempts to show that he lost several cases, but he has failed to meet the second *Christopher* element. He has not provided facts showing loss of a "nonfrivolous" or "arguable" underlying claim supported by the level of detail necessary "as if it were being independently pursued." We do not know exactly which claim was lost or why it was meritorious. The following do not satisfy the second *Christopher* element:

A. Direct Appeal Claim

Plaintiff's first claim arises from confinement in a suicide watch or restrictive cell assignment between April 11, 2017, to April 29, 2017. Dkt. 10 at 3-4. He was placed in a restrictive cell and had no court access, no access to pen or paper, no access to a telephone, and no legal mail sent in or out. *Id*. He had no contact with anyone outside of the prison during these 18 days. He alleges that, during this time frame, he was working on his pro se criminal appeal, and he could not "research, write, or perfect it." *Id*. at 3. He also could not obtain trial records.

Plaintiff received his legal mail on July 11, 2017. *Id*. at 5. The Idaho Supreme Court denied and dismissed his direct appeal six months later on January 11, 2018.

Plaintiff asserts that the Idaho Supreme Court rejected some of his claims for failure to cite to the record to support his claims, and that this failure was due to Defendants' refusal to provide access to his legal files during his suicide watch confinement. Dkt. 10 at 5-6. Plaintiff himself does not identify any direct appeal claim that was rejected for lack of record support. The Idaho Supreme Court opinion shows Plaintiff's suppression motion claim was rejected because he did not support allegations that the district court had fabricated and grossly embellished the facts. *See State v. Williams*, 163 Idaho 285, 300, 411 P.3d 1186, 1201 (Ct. App. 2018). The appellate court concluded that the record contained sufficient evidence to support the district court's findings of fact. *Id*.

Plaintiff later received the transcripts, and therefore had record citations to support his claim, if any existed. He has not provided the record citations in his Amended Complaint to show that this claim was meritorious or even pinpointed this claim as the particular one that was lost due to suicide watch conditions of confinement. Without any reference to a claim that was lost, Plaintiff's vague allegations that he was unable to conduct additional research and perfect his direct appeal briefing fail to state a claim upon which relief can be granted.

A general lack of access to legal materials is not sufficient. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court emphasized that there is no "abstract, freestanding right to a law library or legal assistance," *id*. at 351, and that the right to access the courts is the right to bring to court a grievance that the inmate wishes to present, not a right to

"litigate effectively once in court," *id*. at 354. While prison officials may not impede a prisoner's right to access the courts, such a claim can proceed only if an injury is stated, whether backward- or forward-looking. *See Christopher*, 536 U.S. at 415 (a forward-looking prisoner action to remove roadblocks to future litigation requires the plaintiff to identify a "nonfrivolous," "arguable" underlying claim). These allegations fail to state a claim upon which relief can be granted.

B.  State Post-Conviction Claim

Plaintiff alleges that, due to prison policies, he was "chilled from representing [him]self" in the post-conviction action in the district court and on appeal. He asserts that he lost the post-conviction matter because of "the ineptitude of the [illegible] public defender," Dkt. 10 at 6, and that he would have won the post-conviction matter or the appeal had Defendants not limited his litigating abilities and resources.

The Idaho Supreme Court's opinion in the post-conviction case shows that prison officials sometimes refused to permit Plaintiff to attend hearings with his counsel about the topic of self-representation when prison officials deemed him mentally unfit to attend. *See Williams v. State*, No. 48467, 2024 WL 26467 at *23 (Idaho Ct. App. Jan. 3, 2024). Plaintiff alleges that, without Defendants' interference, he would have been permitted to proceed pro se instead of having to rely on a "disastrous" appointed attorney who did not develop the record; Plaintiff would have raised omitted meritorious arguments himself; and Plaintiff would have properly cited to the record. Dkt. 10 at 6. Even though that case has been completed and Plaintiff has the state court record, he still has not shown which

claims were meritorious, which parts of the record supported those claims, or what his arguments would have been. This claim fails to state a claim upon which relief can be granted.

### C.  Federal Civil Rights Claims

To the extent that Plaintiff asserts he lost civil rights claims or had cases dismissed because of Defendants' actions, he still has not shown under the second *Christopher* element which claims were meritorious, what evidence supports those claims, what his arguments would have been, or how Defendants' actions caused loss of the meritorious claims. For example, he states he did not receive legal mail in July 2020, but he does not provide sufficient supporting facts about any particular civil rights claim that was meritorious or that was lost as a result of Defendants' limiting his access to the courts.

### D.  Conclusion

All of these access to courts claims are too vague to permit Plaintiff to proceed and therefore fail to state a claim upon which relief can be granted. Plaintiff has had sufficient opportunity to plead his facts throughout the history of this action, going back to original Case 346. As a result, no further opportunity to amend will be granted.

**2.  First and Fourteenth Amendment Access to Courts Claims: Backward-Looking Claims: Untimely, Unripe or beyond Scope of Suit**

### A.  Claims Filed Too Late

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to

**SUCCESSIVE REVIEW ORDER - 9**

claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219, providing for a two-year statute of limitations for personal injuries, governs federal civil rights actions arising in Idaho. The statute of limitations is tolled while the inmate exhausts administrative grievance procedures. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

Plaintiff's original complaint in Case 346 was filed, at the earliest, on August 9, 2022. Therefore, claims that ripened earlier than July 9, 2020, are untimely, and no adequate excuse has been shown for the untimely filing.

Plaintiff has been warned several times that the Court will not construe Plaintiff's repeated return trips to the suicide watch unit as one continuous course of conduct. Plaintiff often finds himself repeatedly placed in the suicide unit because he believes he has a First Amendment right to refuse to answer questions from mental health providers about whether he has suicidal ideation; they subsequently place him there out of an abundance of caution for his safety. *See* Case 584, Dkt. 6 at 3. He then complains that the conditions of confinement in the suicide watch unit—where nearly all items and privileges are taken away—are too harsh. *Id.*, Dkt. 3 at 5.

For statute of limitations purposes, as soon as Plaintiff was released each time, the allegedly unlawful conditions ended, and he had the information needed to file a timely suit challenging that particular confinement.

**SUCCESSIVE REVIEW ORDER - 10**

The Court concludes that Plaintiff's first claim, arising from April 11, 2017 to January 11, 2018—when construed as a ripe claim not barred by *Heck v. Humphrey*, *see infra*—is too late. Dkt. 10 at 3.

B.  Claims that Remain Unripe

Timeliness considerations are different when a § 1983 access to the courts claim involves a criminal conviction or sentence. The principle of *Heck v. Humphrey*, 512 U.S. 477 (1994), provides that a state prisoner's § 1983 claim is premature if its success "would necessarily imply the invalidity of [a] conviction or sentence." *Id*. at 487. Before the claim can be raised in a civil rights action, the plaintiff must show that the conviction or sentence was invalidated in a procedurally proper action, such as a direct appeal, state post-conviction matter, or federal habeas corpus case. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). If the invalidation pre-requisite is not met, the civil rights claim is not ripe. As a result, such a claim does not begin to run until the conviction is reversed, expunged or declared invalid. *See Heck*, 512 U.S. at 489.

 The *Heck* rule has been applied to access to courts cases in the Ninth Circuit. *See, e.g., Delarm v. Growe*, No. 215CV2258KJMKJNP, 2016 WL 1722382, at *3 (E.D. Cal. Apr. 29, 2016); *Collins v. Corr. Corp. of Am*., No. 3: 10-cv-0697 RCJ V, 2011 WL 768709, at *2 (D. Nev. Jan.26, 2011); *Cole v. Sisto*, Civ. No. S–09–0364 KJM P, 2009 WL 2230795, at *4 (E.D. Cal. July 24, 2009) (relying on *Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998)).

Here, Plaintiff asserts that he would have won his direct appeal or post-conviction actions—implying that his conviction would have been invalidated—but for Defendants' actions in thwarting his efforts to properly pursue his direct appeal and his state post-conviction action. Construing these claims as unripe means they are presently barred by *Heck v. Humphrey*. They will be dismissed without prejudice, awaiting proper invalidation of Plaintiff's convictions and sentences.

## FRIVOLOUSNESS, REPETITIVENESS, AND
## THREE STRIKES IMPLICATIONS

The Prison Litigation Reform Act of 1995 introduced the "three strikes" provision to address the growing trend of frivolous civil rights actions filed by prison inmates. *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996). This provision prohibits a prisoner from filing lawsuits or appeals in forma pauperis if he previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

On March 20, 2023, in Case 111, the Court conducted a statute of limitations and *Heck v. Humphrey* analysis on Plaintiff's allegations that claims arising from his state criminal direct appeal and state post-conviction action challenging his state criminal convictions and sentences were subject to dismissal, "awaiting proper invalidation of Plaintiff's convictions and sentences." Case 111, Dkt. 2 at 5. Nevertheless, Plaintiff submitted the same claims in his Amended Complaint in this action filed on October 16, 2025.

SUCCESSIVE REVIEW ORDER - 12

To the extent that these claims already have been adjudicated and declared unripe until Plaintiff obtained proper invalidation of his convictions and sentences—which he knew he did not have when he file the Amended Complaint—they are repetitive, and therefore malicious and frivolous. "It is malicious per se for a pauper to file successive In Forma Pauperis suits that duplicate claims made in other pending or previous lawsuits." *Brinson v. McKeeman*, 992 F.Supp. 897, 912 (D. Tex. 1997); *see Scott v. Weinber*g, 2007 WL 963990, at *12 (D. Wash. 2007) (malicious suits include those that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

To the extent that his claims are barred by the statute of limitations, they are deemed frivolous and can be dismissed sua sponte after notice to the plaintiff. *See Fogle v. Pierson*, 435 F.3d 1252, 1258-59 (10th Cir. 2006); *Pino v. Ryan, 49 F.3d 51,* 54 (2d Cir. 1995); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Puett v. Carnes*, 21 F.3d 1115 (9th Cir. 1994) (unpubl.) ("Because it is clear from the face of the complaint that Puett's claim is time-barred, the district court properly dismissed this claim as frivolous.").

Finally, a dismissal under *Heck v. Humphrey* constitutes a strike under § 1915(g) for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint. *Washington v. Los Angeles County Sheriff's Dep't.*, 833 F.3d 1048, 1055 (9th

Cir. 2016). It is obvious from the Amended Complaint that the unripe claims duplicated those in Case 111 that were declared to be unripe and that the claims clearly imply that Plaintiff's criminal conviction or sentence is invalid.

To the extent that the Court has concluded that Plaintiff has not met the second *Christopher* element in his Amended Complaint, the claims fail to state a claim upon which relief can be granted.

Each of these reasons qualify this case's dismissal as a strike under 28 U.S.C. § 1915(g).

## ORDER

**IT IS ORDERED:**

1. The Motion to Review Amended Complaint (Dkt. 9) is GRANTED to the extent set forth above.

2. The Motion for Extension of Time to File Amended Complaint (Dkt. 8) is GRANTED to the extent that the Amended Complaint is considered timely filed.

3. The unauthorized claims will be dismissed without prejudice to the extent they must be or should have been brought in Plaintiff's other cases.

4. The Clerk of Court will sever the following claims into three separate new actions and file the Amended Complaint from this action (Docket 10) and this Order in each new case:

(a) mail, due process, and retaliation claims arising from Plaintiff's confinement at ISCI beginning no earlier than July 9, 2020, wherein the Court will issue a screening order;

(b) mail and retaliation claims arising from Plaintiff's February 2021 confinement at IMSI, wherein Plaintiff will be required to file a second amended complaint of no more than 20 pages, due **30 days** after entry of this Order.

(c) access to courts claims arising from Plaintiff's February 2021 confinement at IMSI, wherein Plaintiff will be required to file a second amended complaint of no more than 20 pages, due **30 days** after entry of this Order.

5. As to the remaining claims in this action (the access to courts claims arising from Plaintiff's confinement at ISCI that arose no earlier than July 9, 2020), the claims are DISMISSED for the particular reasons set forth above, and Plaintiff may bring only those claims presently barred by *Heck v. Humphrey* in a later civil rights action if he invalidates his state criminal conviction and sentence.

6. Plaintiff is issued a strike under 28 U.S.C. § 1915(g).



DATED: February 11, 2026

B. Lynn Winmill
U.S. District Court Judge